### GAUSE and another *v.* KNAPP and another.

*(Circuit Court, E. D. Missouri. March 24, 1880.)*

PLEADING—CERTAIN RULES RESTATED.—(1) In pleading, the parties respectively must aver the issuable facts and nothing more; (2) if a pleading has not sufficient issuable facts to constitute a cause of action or defence, or is mixed with statements as to evidence to support the same, the opposite party may demur; (3) if a pleading is so vague and confused that the material and immaterial allegations are intermixed, or a mass of statements are contained therein, some issuable and others non-issuable, the opposite party may move to make the pleading more definite and certain; (4) but motions to strike out special clauses and sentences in a pleading will not be entertained.

Motion to strike out a special defence.

*Dryden & Dryden,* for plaintiffs.

*Vernon W. Knapp* and *McComas & McKeighan,* for defendants.

McCRARY, J. This is a motion to strike out a special defence. This cause was before the court at a previous term, Judge Dillon presiding, at which time it was suggested that

the questions designed to be raised could be presented in a better form under a special answer. Since then an amended petition and an answer thereto have been filed.

It is of importance, not for this cause alone, but for the general practice of the court, that the modes of proceeding should be clearly understood, and I therefore take this occasion to restate some well settled rules which prevail in this court.

Mr. Justice Miller, at an early day, with the concurrence of Judges Dillon and Treat, held:

*First.* That in pleading, the parties respectively must aver the issuable facts and nothing more.

If irrelevant and redundant matter is inserted in the petition or answer the court will not entertain a motion to eliminate the same, but will receive a motion to make said pleading more certain and definite. The reason for this ruling is based not only on the essential requisites of good pleading, but on the duty of attorneys to so plead as not to drive the opposing attorney, with the aid of the court, to do the pleading for the party. The function of the court is to pass upon the papers filed, and not to become the pleader for the parties. Let the plaintiff and defendant respectively come to an issue, not on matters of evidence, relevant or irrelevant, but on the ultimate facts, determining their respective rights. There is nothing in the Missouri practice act which abrogates those essential rules of pleading. The very object of pleading is to bring the parties face to face with the issuable facts on which their rights depend.

*Second.* If a pleading has not issuable facts sufficient to constitute a cause of action or a defence, or is mixed with statements as to evidence to support the same, the opposite party may demur; so that the court, disregarding the irrelevant matter, may determine whether the alleged cause of action or special defence has any foundation in law.

*Third.* If the vicious pleading is so vague and confused that the material and immaterial allegations are intermixed, or a mass of statements are contained therein, some issuable

and others non-issuable, the proper practice is a motion to make the pleading more definite and certain.

*Fourth.* Motions to strike out special clauses or sentences in a pleading this court will not entertain, for it cannot determine, in advance of the trial, to what issuable facts they may pertain; nor will the court, through such motions, be driven to the necessity, after repeated experiments, of doing practically the pleading for the party in default. This court recognizes, therefore, demurrers and motions to make pleadings more definite and specific. A motion to strike out, if admissible at all, must be directed to an entire pleading, or a whole count or division. Matter appearing to be scandalous would form an exception to the rule.

There is a very important consideration in this ruling, which every good pleader will recognize, viz.: that while a demurrer cuts back to the first bad pleading, it is by no means sure that a motion to strike out will effect the same end; nor is it sure that the decision on such a motion could be considered a final judgment, entitling the party to a writ of error or appeal.

These general propositions are now reduced to form, not because this case requires the statement of them, but that it may be understood that the rulings of Mr. Justice Miller, and Judges Dillon and Treat, heretofore made on the points stated, are to be adhered to.

As to the motion now before the court, it must suffice to say that the question intended to be prescribed would have been more properly raised on demurrer to the answer, instead of a motion to strike out. But, waiving that technical question, we find that the answer as to the special defence is somewhat vague; yet, if true, it makes it appear that the alleged agreement set up in the petition, if made, was fraudulent and void. The defendants ought to have put themselves distinctly on record, by positive averments; yet they have, by liberal construction, done so, and if a demurrer, instead of a motion, had been interposed, the objection made would have cut back to the petition.

The cause of action, as set out, discloses imperfectly a con-

tract on the part of plaintiffs to receive a sum of money beyond what other creditors were to receive for assenting to a *quasi* composition; and such a contract, if the assent of all was required, the law pronounces void.

We regard the answer, liberally construed, as charging in substance that the contract sued on, if made, was one under which the plaintiffs were to receive a secret preference over other creditors of the same debtor, and this, if true, is a perfect defence.

The motion to strike out is overruled. If plaintiff desires a more specific statement of the points of defence he may move therefor, or he may demur to the answer and thus secure a more concise and clear statement. But the present motion for reasons stated cannot prevail.